JAMES GILMORE v. THE OXFORD IRON AND NAIL COMPANY.

A corporation, working a mine by a general superintendent, is not responsible for an injury to a miner which resulted from the negligence of a person employed to point out to the miners the places where holes were to be drilled, and who had authority to hire and discharge workmen.

On rule to show cause why a new trial should not be granted.

Argued at June Term, 1892, before Justices DEPUE, SCUDDER and REED.

For the plaintiff, *Henry S. Harris.*

For the defendant, *George M. Shipman.*

The opinion of the court was delivered by

REED, J.   At the close of the plaintiff's case upon the trial of this cause, the plaintiff was non-suited.   The question is whether, upon the case as made, it should have gone to the jury.   The facts of the case, so far as they are essential to the decision of this question, are as follows:   The plaintiff was employed in a mine operated by the defendant.   The work consisted in drilling holes in the walls of the mine, in filling the holes with an explosive substance, and in firing the same by means of a fuse.   The work was done by gangs of workmen who drilled and fired several holes simultaneously.   Two men worked a single drill, one holding the drill and the other striking it and changing work with each other each successive hole.   Gilmore, the plaintiff, was striking when a piece of stone or ore fell and broke his leg.

The insistence of counsel of plaintiff is, that the injury occurred by reason of the neglect of one Quin to exercise a proper degree of care.   Quin was a boss employed in the mine, who was accustomed to employ and discharge workmen and to direct the miners where the holes were to be drilled in working the mine.   It is insisted that there was evidence to go to the jury that it was Quin's duty to see that no loose stuff or fragments of ore, loosened or dislodged by previous explosions, was likely to fall upon the workmen.   It is further claimed that, by reason of his neglect to exercise proper vigilance in this respect, the present injury resulted.

I think the plaintiff fails to make out a case against the defendant, and that the defect in the plaintiff's case was two-fold—

*First.*   The testimony does not display a condition of affairs from which a jury could have reasonably inferred that Quin neglected to do anything within the line of his duty.

*Secondly.* Quin was a fellow-servant engaged in a common employment with the plaintiff. The general superintendent of the mine was Lukens. Quin's duties were no more extensive and almost entirely similar to those of Cannon in the case of *O'Brien* v. *American Dredging Co.*, 24 *Vroom* 291. The present is directly ruled by the last-mentioned case.

The rule is discharged.